UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DANA TURLEY, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|    v. | ) CAUSE NO: 4:21-cv-110 |
| | ) |
| CUMMINS, INC., | ) |
| | ) |
|       Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Dana Turley, brings this action against Defendant, Cummins, Inc., for unlawfully violating her rights protected by the Age Discrimination in Employment Act of 1967 (hereinafter "ADEA"), 29 U.S.C. §621, et. seq., the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et seq., the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., and Indiana Law.

## PARTIES

2. At all times relevant to this action, Turley resided within the Southern District of Indiana.

3. Defendant Cummins, Inc. ("Cummins") is a corporation headquartered in, and that does business within the Southern District of Indiana.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 29 U.S.C. §626, 42 U.S.C. § 12117, 29 U.S.C. § 2617(a)(2) and 28 U.S.C. § 1367.

5. Turley was an "employee" as that term is defined by the ADEA, 29 U.S.C. §630(b),

and an "eligible employee" under the ADA, 42 U.S.C. § 12111(4) and the FMLA, 29 U.S.C. § 2611(2)(a).

6. Since January 1, 2020, Defendant has employed 50 or more employees within a 75-mile radius of the location where Turley worked.

7. Turley worked 1,250 or more hours in the 12-month period preceding May 27, 2020.

8. Turley is a qualified individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12102(A) and 12111(8).

9. Cummins is an "employer" as that term is defined by the ADEA, 29 U.S.C. §630(b), the ADA, 42 U.S.C. § 12111(5)(A) and the FMLA, 29 U.S.C. § 2611(4)(a).

10. Turley exhausted her administrative remedies by filing a charge numbered 470-2021-00177 with the U.S. Equal Employment Opportunity Commission against Cummins and receiving the appropriate notice of suit rights. Turley files the instant matter within ninety (90) days of receipt of said notice.

11. Plaintiff's state law claims arise from the same common nucleus of operative facts as her federal law claims and all of her claims thus form a single case and controversy under Article III of the United States Constitution.

12. All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**FACTUAL ALLEGATIONS**

13. Ms. Turley was employed by Defendant, Cummins, Inc., beginning on or about November 2014.

14. Turley's work performance met or exceeded the Respondent's legitimate expectations at all relevant times.

15. On or about May 5, 2020, Turley incurred a work related injury, causing her a physical impairment which limited her ability to use her left hand.

16. Turley filed a claim for workers' compensation benefits for the injury.

17. Turley requested an accommodation of light duty work. On her first day back, Defendant assigned her to taking employee temperatures. On the second day, it asked her to clean the line, which violated her restrictions.

18. On May 9. 2020, Defendant told Turley that it could not accommodate her.

19. Turley requested and was approved for medical leave beginning on May 27, 2020. The leave was an accommodation for her disability. Her physician approved her to return to work on July 2, 2020 with primarily one handed duty.

20. Turley was released to work with restrictions on August 25, 2020.

21. Upon her release, Turley was able to work with a accommodation, including work light duty, drive a fork truck, or perform the duties of her old job, quality in a laboratory.

22. Defendant refused to grant Turley any of these accommodations, and failed to enter into the interactive process with regards to her requests.

23. As a result of Defendant refusing to accommodate Turley's disability, she has not been able to return to work, and her medical leave was extended.

24. At the time she was released to work on August 25, 2020, Ms. Turley was forty-nine (49) years old.

25. Turley suffers from physical impairments of her left arm and hand, which

substantially limit one or more of her major life activities, including but not limited to lifting, and affects her musculo-skeletal function.

26.     Turley's impairment is not transitory or minor, and has lasted longer than six months.

27.     Turley is a qualified individual with a disability, is regarded as disabled by Defendants, and/or has a record of a disability.

28.     Turley' requests for time off and for placement in another position constitute protected activity under the ADA.

29.     Turley's injury constitutes a serious health condition that required her to take leave under the Family and Medical Leave Act for treatment.

30.     Turley notified Defendant of her injury and disability.

31.     Defendant discriminated against Turley due to her disability and/or age and/or retaliated against Turley for her requests for accommodation, FMLA leave and/or workers' compensation claim.

32.     Defendant has treated significantly younger and/or non-disabled employees and/or similarly-situated employees who were not disabled and did not request accommodations or file a claim for workers' compensation more favorably in the terms and conditions of employment and discipline.

33.     Turley has been harmed by Defendant's unlawful actions, including but not limited to, financial loss, embarrassment, humiliation, and emotional distress.

## LEGAL ALLEGATIONS
### Count I: Age Discrimination

34.     Turley incorporates paragraphs one (1) through thirty-three (33) of her Complaint

herein.

35. Defendant intentionally and willfully discriminated against Turley because of her age.

36. Similarly-situated younger employees have been treated more favorably than Turley in the terms, conditions, and privileges of their employment.

37. Defendant constructively discharged Turley because of her age.

### Count II: ADA Violations

38. Plaintiff hereby incorporates paragraphs one (1) through thirty-seven (37) of her Complaint.

39. Defendant unlawfully and constructively discharged Turley based on her disability.

40. Plaintiff requested reasonable accommodations for her disabilities.

41. Plaintiff's requests for reasonable accommodations constitute statutorily protected activity.

42. Defendant subjected Plaintiff to disparate treatment in retaliation for requesting reasonable accommodations.

43. Defendant's discrimination against Turley was done in reckless disregard for Turley's federally protected rights.

44. Actions of Defendant caused Turley both emotional and economic harm.

45. Intentional and unlawful employment actions of Defendant have violated Plaintiff's rights as they are protected by the Americans with Disabilities Act (ADA), as amended 42 U.S.C. § 12101 et seq.

### Count III: FMLA Violations

46. Turley incorporates all of the allegations set forth in paragraphs one (1) through forty-five (45) of this Complaint.

47. Turley properly notified Defendant of her need for leave for FMLA-qualifying reasons.

48. Defendant unlawfully discriminated against and retaliated against Turley in violation of the FMLA.

49. Defendant constructively discharged Turley in retaliation for her attempts to exercise her rights under the FMLA.

50. Retaliation by Defendant against Turley violated the FMLA, 29 U.S.C. §2615(a) by discriminating against her due to her attempts to exercise her rights under the FMLA.

51. Actions by Defendant were intentional, willful, done in bad faith, and in reckless disregard of Turley' federally protected rights under the FMLA.

### Count IV: Retaliatory Discharge in Violation of Indiana Common Law
*(Frampton Claim)*

52. Plaintiff hereby incorporates paragraphs one (1) through fifty-one (51) of her Complaint.

53. Turley applied for Workers' Compensation benefits.

54. Defendant constructively discharged Turley in retaliation for requesting Workers' Compensation.

55. Defendant acted maliciously or with reckless regard to Turley's rights as protected by Indiana common law.

56. Turley has suffered damages as a result of Defendant's unlawful actions.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Dana Turley, respectfully requests that this Court enter judgment in her favor and provide her the following relief:

1. Reinstatement to her prior position, salary, seniority, and benefits, or pay front pay in lieu of reinstatement;

2. Enjoin Defendants from future violations of the ADEA, ADA, and FMLA;

3. All lost wages, benefits, compensation, and monetary loss suffered as a result of Defendants' unlawful actions;

4. Compensatory, consequential, and punitive damages;

5. Liquidated damages for intentional violations of the ADEA and FMLA;

6. All attorneys' fees, litigation expenses, and costs incurred as a result of bringing this action;

7. Pre- and post-judgment interest on all sums recoverable; and

8. All other legal and/or equitable relief to which she is entitled.

Respectfully submitted,

John H. Haskin (7576-49)
Paul A. Logan (17661-02)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone:   (317) 955-9500
Facsimile:   (317) 955-2570
E-Mail:   jhaskin@jhaskinlaw.com
E-Mail:   plogan@jhaskinlaw.com
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Comes now the Plaintiff, Dana Turley, by counsel, and demands a trial by jury on all issues deemed so triable.

                                                Respectfully submitted,

                                                John H. Haskin (7576-49)
                                                Paul A. Logan (17661-02)
                                                JOHN H. HASKIN & ASSOCIATES
                                                255 North Alabama Street, 2nd Floor
                                                Indianapolis, IN 46204
                                                Telephone:   (317) 955-9500
                                                Facsimile:    (317) 955-2570
                                                E-Mail:       jhaskin@jhaskinlaw.com
                                                E-Mail:       plogan@jhaskinlaw.com
                                                Attorneys for Plaintiff